UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

MICHAEL STEVEN DALE,

        Plaintiff,

-v-

NIAGARA CREDIT SOLUTIONS, INC., and
CHRIS LOWE, Individually,

        Defendants.

Civil Action No.:
3:11-CV-1284 [LEK/ATB]

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

(Unlawful Debt Collection Practices and Defamation)

Plaintiff, Michael Steven Dale, by and through his attorney, Robert S. Beehm, Esq., as and for his Complaint against the Defendants, alleges as follows:

### I. INTRODUCTION

1. This is an action for damages brought by Michael Steven Dale, an individual consumer (hereinafter "Plaintiff") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the New York State Fair Debt Collection Practices Act § 600 et seq. (hereinafter, "NYFDCPA") by Niagara Credit Solutions, Inc. and Chris Lowe, individually, (hereinafter "Defendants"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; and for damages under New York State law for the publication of defamatory statements made by the Defendants concerning the Plaintiff's reputation.

1

## II. JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Michael Stephen Dale, is a natural person residing at 555 Roe Avenue, Elmira, NY 14901.

4. Defendant, Niagara Credit Solutions, Inc., is a New York corporation engaged in the business of collecting debts in this state with its principal place of business located at 420 Lawrence Bell Drive, Suite # 2, Williamsville, New York 14221-7820. The principal purpose of Defendant, Niagara Credit Solutions, Inc., is the collection of debts using mail and telephone, and Defendant, Niagara Credit Solutions, Inc., regularly attempts to collect debts alleged to be due to another.

5. Defendant, Chris Lowe, is a natural person employed by Defendant, Niagara Credit Solutions, Inc., as a collector at all times relevant to this complaint.

6. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

7. That beginning in September, 2010 and continuing through July, 2011, the Defendant, Niagara Credit Solutions, Inc., by and through its agent, Defendant, Chris

Lowe, contacted the Plaintiff on a daily basis, Monday through Friday, by placing telephone calls to the Plaintiff's cell phone.

8. That over the course of this time, the Defendant placed approximately over 200 calls to the Plaintiff's cell phone.

9. That during this period of time, the Defendants' cell phone calls to the Plaintiff were made at approximately 9 o'clock in the morning or alternatively at 9 o'clock in the evening.

10. That during this period of time, the Defendants would call the Plaintiff's cell phone and hang-up and/or terminate the call, and would not leave a message on the Plaintiff's answering machine.

11. That during this period of time, the Defendants also called the Plaintiff's cell phone and left messages on the Plaintiff's voice mail stating that Defendant Lowe "had an application for [the Plaintiff]" or that there was "a matter that came across [Defendant Lowe's] desk that [Defendant Lowe] needs to discuss" with the Plaintiff;

12. That some of the messaged left by the Defendants on the Plaintiff's voice mail would not include any verbal communication but upsetting and obnoxious sighing noises as well as other non-verbal sounds.

13. That within the context of the messages that the Defendants left on the Plaintiff's cell phone voice mail, the Defendants did not identify themselves as a debt collector nor did the Defendants state that the phone call contact was in reference to an alleged debt.

14. That the quality of the Defendants' messages left on the Plaintiff's voice mail were rude, demeaning in tone, and even threatening at times.

15. That the Defendants' intended to harass and abuse the Plaintiff by the frequency, manner, content and quality of these cell phone calls and messages.

16. That during this period, the Defendants also contacted the Plaintiff's wife, Erin Dale, by calling her cell phone and leaving rude and hostile messages on Mrs. Dale's voice mail regarding an alleged debt owed by the Plaintiff.

17. That in July 2010, December 2010 and March 2011, the Defendants contacted the Plaintiff's father, Michael Dale Sr., by telephone.

18. That during the July 2010 contact with Mr. Dale, Sr., the Defendants falsely accused Mr. Dale, Sr. of being the Plaintiff, stating "I finally found you"; that after Mr. Dale, Sr. had informed the Defendants that he was not the Plaintiff but the Plaintiff's father, the Defendants proceeded to discuss the details of the Plaintiff's alleged debt with Mr. Dale, Sr.

19. That during the December 2010 and March 2011 contacts with Mr. Dale, Sr. the Defendants communicated in a rude and threatening manner the following statements about the Plaintiff including but not limited to:

   a. "If you want to help your son, you can go ahead and pay this for him and settle this up with him;"

   b. "Just pay pennies on the dollar and help your son out with this;"

    c. "We can work out a dramatic reduction in the cost owed if [Mr. Dale, Sr.] paid now" which would "keep it off [the Plaintiff's] credit and help [the Plaintiff] out in the long run and not destroy [the Plaintiff's] future;"

    d. "So surely as [the Plaintiff's] father you want to help [the Plaintiff] out, right?"

    e. "You must be embarrassed over the way [the Plaintiff] has turned out, everyone has to be responsible for their own actions."

20. That during March 2011, the Defendants contacted the Plaintiff's neighbor, Mrs. Treu, by telephone; that the Defendants misrepresented to Ms. Treu that he was a friend of the Plaintiff; that the Defendants requested the Plaintiff's contact information because Defendant Lowe "has not talked to [the Plaintiff] in a while and wanted to get in touch with him."

21. That during March 2011 and on May 18, 2011, the Defendant contacted the Plaintiff's employer, Corning Incorporated, specifically, Linda Brown, Plaintiff's administrative assistant, by telephone; that the Defendants asked Ms. Brown questions about the Plaintiff and became rude and aggressive toward her when she would not give the Defendants any information.

22. That on May 18, 2011 specifically, the Defendants called the Plaintiffs employer, Corning Incorporated multiple times within minutes.

23. That during June 2011, the Defendants contacted Sharon and James Wheeler, the Plaintiff's mother and father-in-law by telephone at their residence; that the Defendants attempted to obtain information about the Plaintiff from Mr. and Mrs. Wheeler; that the Defendants represented that he had "an application" for the Plaintiff to fill out.

24. As a result of the acts alleged above, Plaintiff suffered extreme stress and anxiety, anger, emotional tension, loss of sleep, embarrassment, and social shame.

## V. FIRST CLAIM FOR RELIEF

25. Plaintiff repeats and realleges and incorporates by reference paragraphs one through thirteen above.

26. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a. The Defendant violated 15 U.S.C. § 1692(b) by contacting third parties including the Plaintiff's father, mother and father in-law, the Plaintiff's neighbor, and the Plaintiff's employer for the purpose of acquiring contact and location information about the Plaintiff and failing to identify himself, misrepresenting himself as the Plaintiff's "friend", and stating that the Plaintiff owes a debt.

    b. The Defendants violated 15 U.S.C. § 1692c(a) by contacting the Plaintiff at unusual and inconvenient times with the intent to harass annoy and intimidate the Plaintiff and by attempting to contact the Plaintiff at his place of employment with reason to know that the Plaintiff's employer prohibited receiving such communication.

    c. The Defendants violated 15 U.S.C. § 1692c(b) by contacting third parties including the Plaintiff's father, mother and father in-law, the Plaintiff's neighbor, and the Plaintiff's employer, without the Plaintiff's consent.

   d. The Defendants violated 15 U.S.C. § 1692d by engaging in conduct that intended to harass, annoy and intimidate the Plaintiff himself and by and through third parties including the Plaintiff's father, mother and father in-law, the Plaintiff's neighbor, and the Plaintiff's employer, including but not limited to: repeatedly and continuously placing telephone calls, leaving silent messages, leaving threatening messages; misrepresenting the Defendant's identity, verbally abusing the Plaintiff's father, and verbally intimidating the Plaintiff's administrative assistant.

   e. The Defendants violated 15 U.S.C. 1692e(2)(4)(7) and (10)by falsely representing to the Plaintiff's father the legal status of the alleged debt, by misrepresenting himself to the Plaintiff's neighbor as a friend of the Plaintiff, by implying to the Plaintiff's employer that the nonpayment of the alleged debt would result in garnishment of the Plaintiff's wages, and by implying to the Plaintiff's father that the Plaintiff committed disgraceful conduct for having the alleged debt, and by failing to disclose to the Plaintiff in the Defendants' oral communications with the Plaintiff that the Defendants are debt collectors and that any information obtained will be used for that purpose.

   f. The Defendants violated 15 U.S.C. § 1692g by failing to provide any written notice containing verification of the debt, debt amount, creditor to whom the debt is owed, any statement of the Plaintiff's rights or any other written communication concerning the validity of any alleged debt.

27. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorneys fees.

## VI. SECOND CLAIM FOR RELIEF

28. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

29. Defendants violated the New York Fair Debt Collections Practices Act § 601.

30. Defendants' acts described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged and invalid debt.

31. As a result of the above violations of the New York State Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

## VI. THIRD CLAIM FOR RELIEF

32. The Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

33. Defendants committed defamation against the Plaintiff: the Defendants published false statements about the Plaintiff to multiple third parties including but not limited to the following:

    a. "What kind of son did you raise?" to Michael Dale, Sr. on December 15, 2010;

    b. "I'm going to call you and call you again and again, it must be very embarrassing for a father to have son turn out the way he did" Michael Dale, Sr. on December 15, 2010;

    c. "Your son owes so much, we can settle this right now for [some amount of money]; he wouldn't get this kind of offer, this doesn't happen; were giving him a way to wipe this clean" Michael Dale, Sr. on December 15, 2010;

    d. "You know your son doesn't return my calls; he can't escape his past and the mistakes that he's made" Michael Dale, Sr. on December 15, 2010.

34. That the Defendants acted without any privilege or authorization by the Plaintiff in making any and all of the alleged statements.

35. That the Plaintiff is not a public figure.

36. That the Defendants continued conduct of publishing the false statements were intentional and malicious, without merit, unfounded and unsupported, and deceptive; Defendants' conduct was reckless and beyond that of a reasonably prudent person.

37. That the Plaintiff's reputations for honesty, integrity, trustworthiness and professional status have been irreparably harmed by the Defendants' defamatory statements and constitute slander *per se*.

38. That the Defendants' defamatory statements caused harm to Plaintiff's reputation within his family, the Plaintiff's residential community, and the Plaintiff's work environment.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered, jointly and severally, against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the Defendants' violation of the New York State Act.

B.   Actually damages in the amount of $ 75,000.00.

C.   Statutory damages pursuant to 15 U.S.C. § 1692k.

D.   Statutory damages pursuant to New York FDCPA § 603.

E.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and New York FDCPA § 603.

F.   For such other and further relief as may be just and proper.

Dated:   September 28, 2011

Respectfully Submitted,

Robert S. Beehm, Esq.
Attorney for the Plaintiff
84 Court Street
Suite 201
Binghamton, N.Y. 13901
(607) 772-0360

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Robert S. Beehm, Esq.
Attorney for the Plaintiff

10

STATE OF NEW YORK     :
COUNTY OF Chemung     : ss.:

Michael Steven Dale, being duly sworn, deposes and says that deponent is the Plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

_____
Michael Steven Dale   NYSDL# 927-934-049

Sworn to before me this 23rd
day of September 2011

_____
Notary Public

**MYRON J. CRISPINO**
Notary Public in the State of New York
Steuben County  No. 01CR4685634
My Commission Expires May 31, 20 13